RAFAEL APONTE RAMÍREZ ET AL., ETC., Appellants, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1069. Submitted May 13, 1940.—Decided May 23, 1940.

R. Calderón Rodríguez and Ramón Meléndez Lima for appellants. The registrar failed to appear.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The present is an administrative appeal where the matter in issue is whether a certain partition of property held in common is in reality a sale of real property belonging to minors.

On February 15, 1940, and in the city of Caguas, there appeared before a notary public, Rafael Aponte and his wife Juana Delgado, as parties of the first part, and Juana Arzuaga, as mother with *patria potestas* over her minor children Miguel, Ena, and Marina Ramos, as party of the second part.

They recited that the parties of the first part owned a 5/8th-undivided joint interest in a certain building lot, and that the parties of the second part, that is, the minors, owned each of them respectively 1/8th-undivided joint interest in the building .lot, totalling 8/8ths, that is, the whole lot; that both parts had decided to partition the jointly owned property and that as the property involved was undivided common property they had recourse to sections 413 and 1027 of the Civil Code—sections 340 and 1013, 1930 ed.—and to the doctrine laid down by this court in *Sánchez* v. *Registrar,* 21 P.R.R. 453, and *Martínez* v *Registrar* 23 P.R.R. 330.

To this effect they valued the property at $850 and had it awarded to the spouses Aponte-Delgado who bound themselves to pay to each of the remaining joint owners respectively, the minors Miguel, Ena and Marina Ramos, the sum of $106.25, Aponte taking "possession of the whole of said piece of urban property awarded to him in this partition of jointly owned property."

It was, moreover, made to appear in the instrument that Aponte paid in cash in the presence to the woman Arzuaga, in her capacity as mother with *patria potestas* over the minors, the purchase price of the jointly owned interests of her children, for which she gave the proper acquittance.

On presentation of the instrument for record in the registry, the registrar refused to record the same in the following decision:

"The record of the foregoing instrument is refused and in lieu thereof a cautionary notice for 120 days is entered in favor of Rafael Aponte Ramírez, on folio 126 of volume 196 of Caguas, estate No. 2738, duplicate, entry letter C, on the ground that, as appears from the instrument itself, the contract in question amounts to the sale of undivided common interests in the immovable belonging to the minors Miguel, Ena and Marina Ramos Arzuaga, represented by their mother Juana Arzuaga Milián, known as Juana Arzuaga Ramos, with *patria potestas* over them, and not to a partition of jointly owned property, as stated in said instrument, for which sale the mother with *patria potestas* has failed to get the proper judicial authorization of the district court, as required by section 159 of the Civil Code of Puerto Rico, 1930 ed., as construed by this court in *Burset* v. *Registrar*, 49 P.R.R. 47. Caguas, April 30, 1940. (signed:) L. Abella, Registrar."

The appellants maintain in their brief that:

"Although the adjudication in the present case is in the nature of a sale, the same is not essentially a sale and no judicial authorization is therein required in order to effect the partition of the property held in common in the way the same has been carried out. *Sánchez* v. *Registrar*, 21 P.R.R. 453, and *Martínez* v. *Registrar*, 23 P.R.R. 330.

"And, lastly, we maintain that as the matter in controversy is a partition of jointly owned property, the rules in regard to the partition of hereditary property are applicable in the premises. Sec. 340 of the Civil Code, *supra*."

After careful consideration of the case we think that the registrar is right, there being strictly applicable to it the doctrine laid down in *Burset* v. *Registrar, supra,* to wit:

"Even though judicial authorization is not necessary for a division of property held in common by minors nor for a public sale when represented by the father, or in a proper case by the mother, such authorization is necessary for a conveyance of their respective interests in the property.

"Where after the sale of property in which a minor' holds an undivided .interest has been ordered under the provisions of section 338 of the Civil Code, the other part-owners agree that the property be awarded to one of them, the sale must be made in accordance with the provisions of law which require a public sale besides judicial authorization."

The above doctrine was ratified in *Costa* v. *Piazza,* 51 P.R.R. 667, 680, in which the question is considered at length; the cases of *Sánchez* v. *Registrar* and *Martínez* v. *Registrar, supra,* are analyzed; reference is made to the decisions of the Federal Supreme Court in *Longpré* v. *Díaz y Quiñones,* 237 U.S. 512, and of this court in *Del Rosario* v. *Rucabado et al.,* 23 P.R.R. 438, and it is held:

"Subsequently, in *Milán* v. *Registrar,* 41 P.R.R. 98, *Mercado* v. *Registrar,* 41 P.R.R. 521, and *Burset* v. *Registrar,* 49 P.R.R. 47, this court decided that where a property held in common is awarded to one of the co-owners, such a transaction is not a partition of the common property, but an alienation of the property which requires both judicial authorization and the public auction provided by section 338 of the Civil Code in order to make it binding where any of the co-owners is not of age."

The decision appealed from must be affirmed.